UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| INTERNATIONAL CHEMICAL COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 03-CV-0650-CVE-SAJ |
| PPG INDUSTRIES, INC., | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is the Plaintiff's Combined Motion for New Trial or, Alternatively, Motion to Alter or Amend Judgment and Motion to Amend Record (Dkt. # 83). As set forth therein, plaintiff International Chemical Company ("Inter-Chem") contests the Order and Judgment entered February 16, 2005 by United States Senior District Judge James O. Ellison in favor of defendant, PPG Industries, Inc. ("PPG"). On October 3, 2005, this case was reassigned to the undersigned. For the reasons set forth below, the Court finds that the plaintiff's motion should be denied.

**I.**

The February 16, 2005 Order sets forth the facts of this dispute and need not be repeated here in full. In summary, this is a breach of contract case. The contract required Inter-Chem to supply PPG with all of its sulfur needs for PPG's plant in Natrium, West Virginia. Inter-Chem fell behind on its deliveries in December 2002, January 2003 and February 2003. PPG notified Inter-Chem on January 17, 2003 that Inter-Chem was in breach of the agreement and that Inter-Chem had 30 days to cure the breach. Inter-Chem failed to cure and PPG terminated the contract on March 6, 2003.

Inter-Chem argues that the Court, in its February 16, 2005 Order, fails to find the existence of two genuine issues of material fact: whether Inter-Chem failed to deliver the sulfur PPG ordered for January 2003, given that PPG instructed Inter-Chem not to ship or deliver sulfur after January 17, 2003; and whether the delivery of less than 100% of PPG's sulfur order for any given month was sufficiently "material" to justify termination of the contract. Intertwined with these two arguments is Inter-Chem's assertion that two other genuine issues of material fact exist: whether the contractual provision permitting "reasonable delay" precluded PPG's termination of the contract; and whether Inter-Chem was ever "unwilling or unable" to meet its supply obligations such that PPG was justified in terminating the contract. Inter-Chem also contends that it never had the opportunity to address new evidentiary matters raised <u>sua sponte</u> by the Court after the Court considered evidentiary materials PPG attached to its reply brief.

## II.

Inter-Chem's arguments are unavailing because they were or could have been made before the Court entered judgment. A motion to alter or amend the judgment, sometimes referenced as a motion "to reconsider," filed pursuant to Fed. R. Civ. P. 59(e)[1] is warranted where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." <u>Servants of the Paraclete v. Does I-XVI</u>, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have

---

[1] Because there was no trial in this matter, the Court does not evaluate Inter-Chem's motion as a motion for new trial under Fed. R. Civ. P. 59(a).

been raised in prior briefing." Id. (citations omitted). The Tenth Circuit has emphasized: "Absent extraordinary circumstances, . . . the basis for the [motion to reconsider] must not have been available at the time the [original] motion was filed." Id.

There are no extraordinary circumstances present here. The basis of Inter-Chem's first argument -- that Inter-Chem was effectively deprived of an opportunity to cure its performance by PPG's instruction not to ship or deliver sulfur after January 17, 2003 -- is testimony by Inter-Chem employee, Aaron Choquette. Choquette testified that PPG employee Jeff Mandock told him, during a teleconference on January 17, 2003, not to make any shipments until after a meeting between representatives of the two parties on January 26, 2003. It appears from the pleadings that the meeting took place on January 23, 2003 but, in any event, Inter-Chem failed to perform for more than 30 days even after the alleged suspension of 7-10 days. Significantly, Inter-Chem relied on Choquette's testimony in its response brief to argue that PPG had acted unreasonably or not in good faith, and PPG responded by pointing out that the alleged suspension did not nullify Inter-Chem's obligation to cure its non-performance. PPG's reply did not raise new matter, but Inter-Chem could have filed a motion for leave to file a sur-reply if Inter-Chem believed that it did.

The basis of Inter-Chem's second argument -- that a genuine issue of material fact exists as to whether Inter-Chem's non-performance constituted a material breach of the agreement -- is primarily based on: (a) deposition testimony by PPG employee Jeff Mandock given in response to an incomplete hypothetical question; (b) deposition testimony by PPG employee James Lippincott; and (c) certain documents indicating that Inter-Chem may have actually delivered more than 100% of PPG's requirements by March 12, 2003. Mandock testified that, if Inter-Chem delivered 95% of the sulfur required by PPG during a six week period, Inter-Chem would not have met its

3

obligations, but PPG might not have terminated the contract in that circumstance. That testimony appears irrelevant, given the nature of a requirements contract and Inter-Chem's failure to deliver even 95% of the sulfur PPG required during three successive four week periods. Nonetheless, Inter-Chem could have raised this particular issue in connection with PPG's motion for summary judgment, but failed to do so.

Inter-Chem did raise the issue of whether its failure to perform could be excused as reasonable delay. Resp. to Motion for Summary Judgment, Dkt. # 43, at 13-14. The contract provides that "Inter-Chem shall not be liable in any way for a reasonable delay in delivery or shipment of Product after the time for delivery or shipment specified, regardless of the cause of such delay." Motion for Summary Judgment, Dkt. # 38, Ex. A at 5). Inter-Chem now argues that its partial deliveries did not constitute a material breach in light of this provision and in light of other evidence the Court did not consider. This "other evidence" contradicts Inter-Chem's prior admissions. After the briefing on the motion for summary judgment, Inter-Chem filed supplemental responses to two requests for admission as to the amount of sulphur it delivered to PPG in December 2002 and January 2003. PPG filed a motion to strike based on Inter-Chem's failure to comply with Fed. R. Civ. P. 36(b), which requires a motion to withdraw or amend an admission. However, before Inter-Chem's time for response to the motion to strike expired, the Court entered its February 16, 2005 Order.

Inter-Chem argues that the Court should permit it to withdraw those admissions and allow amendment of the record to consider the evidence supporting its new contention as to the amount of sulphur actually delivered. Inter-Chem relies on James Lippincott's deposition testimony, which PPG attached to its motion for summary judgment, and other exhibits attached to Inter-Chem's

"Combined Response to Defendant's Motion to Strike Plaintiff's Supplemental Answers to Defendants' Requests for Admission and Brief in Support of Plaintiff's Motion to Withdraw Admissions Pursuant to Rule 36(b) of the Federal Rules of Civil Procedure," the unsigned, unfiled document attached to Inter-Chem's motion (Dkt. # 83). These exhibits include: a two-page document produced by PPG to Inter-Chem and used by Inter-Chem as an exhibit during Lippincott's deposition; a collection (produced by Inter-Chem to PPG during discovery) of over 30 documents from one of Inter-Chem's trucking vendors; and an excerpt from a report allegedly generated from a computer database maintained by Inter-Chem.

PPG argues that this evidence does not establish conclusively that Inter-Chem supplied all of PPG's requirements in December 2002 or January 2003. More important, the evidence upon which Inter-Chem relies would not affect the analysis in the Court's February 16, 2005 Order. The Court found that the parties measured their performance on a monthly basis, that Inter-Chem failed to meet PPG's sulfur requirements for three consecutive months, and that Inter-Chem failed to cure its nonperformance. In so holding, the Court remarked: "Inter-Chem does not try to argue that it DID deliver the sulfur as ordered, but only that PPG terminated the contract before Inter-Chem had a chance to fulfill its obligations." Order, Dkt. # 81, at 6 (emphasis in original). Inter-Chem seizes upon that remark and now attempts to argue, based upon evidence available at the time, that it eventually made up the shortfall by March 12, 2003 -- six days after PPG terminated the contract. Inter-Chem asserts that it did not make that argument in its response brief because PPG did not argue that it never ultimately received the sulfur.

The problem with Inter-Chem's assertion is that Inter-Chem could have submitted these documents in response to the summary judgment motion, and argued that a genuine issue of material

fact existed as to the reasonable delay provision of the contract. The evidence upon which Inter-Chem relies is not newly discovered nor was it unavailable before the Court entered its February 16, 2005 Order, and the Court is not convinced, given the analysis set forth in the February 16, 2005 Order, of the need to correct clear error or prevent manifest injustice. See Servants of the Paraclete, 204 F.3d at 1012.

### III.

**IT IS THEREFORE ORDERED** that Plaintiff's Combined Motion for New Trial or, Alternatively, Motion to Alter or Amend Judgment and Motion to Amend Record (Dkt. # 83) is hereby **denied**.

**IT IS FURTHER ORDERED** that the stay of proceedings on PPG's Motion for Attorney Fees (Dkt. # 87) and Bill of Costs (Dkt. #85) entered by Order dated March 15, 2005 (Dkt. # 91) is hereby **lifted,** and the Motion for Attorney's Fees (Dkt. # 87) is hereby **referred** to United States Magistrate Judge Sam A. Joyner.

**DATED** this 3rd day of February, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT